[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Although the Court is of the opinion that a Motion for Articulation is not appropriate until an appeal has actually been taken, it files this memorandum to apprise the plaintiff why the Motion to Strike was granted.
The Court has granted the defendants' Motion to Strike the second, fourth and sixth counts of the plaintiff's complaint which counts purported to state a cause of action for violation of the Connecticut Unfair Trade Practice Act, Ct. Gen. St. 42-110b.
The parties entered into a written agreement wherein the defendant was to purchase the assets of the plaintiff's business. Paragraph 8 of the agreement provided that the plaintiff would be employed as a staff pharmacist at the defendants' store in Hamden, Connecticut for a period of three years at a certain salary.
The plaintiff's employment with Stop shop was terminated and the plaintiff brought this complaint alleging in counts two, four and six that the plaintiff's losses and damages were caused by the unfair and deceptive acts and practices of the Stop Shop Company, Inc. CT Page 4532 The complaint goes on to allege the following:
It falsely represented to John DeNicola that he would be employed at the Hamden super store for a period of three years from the date of closing. It failed to employ John DeNicola under the terms set forth in the agreement. It terminated John DeNicola's employment before three years from the date of closing. It failed to inform John DeNicola of the terms, conditions and policies regarding pharmacists employed by it.
The defendants contend that their actions in terminating the plaintiff's employment does not constitute an unfair trade practice under 42-110a-110 and that the Connecticut Courts have consistently held that allegations arising out of the employment relationship are outside the scope of CUTPA.
The plaintiff has admitted in his memorandum in opposition to the Motion to Strike that a claim which has its ultimate basis in the employer/employee relationship is not subject to CUTPA.
The defendants and this Court take the positions that this claim is not subject to CUTPA because of the rulings set forth in the multitude of cases cited by the defendants in their brief.
 Eleanor E. Mustaro vs. St. Rose of Lima School 2 Conn. L Rptr. 604 (Super.Ct. New Haven, Dec. 10, 1990.)
 Sam Apgar v. MBS Business Systems, et al. 3 Conn. L. Rptr. 72 (Super.Ct. Hartford, Jan. 14, 1991)
 Fitzgerald v. Forelli 2 Conn. L. Rptr. 295 (Super.Ct. Bridgeport, Oct. 1, 1990)
 Mills Pride, Inc. v. Sommers 2 Conn. L. Rptr. 292, (Super.Ct., Rockville, Sept. 13, 1990)
 Weiner v. Weathermaster, Indus., Inc. 3 C.S.C.R. 314 (Super.Ct. Hartford-New Britain, Feb. 9, 1988)
 Hintner v. Nidec-Torin Corp. 662 F. Sup. 112 (D.Conn. 1987)
HON. ROBERT C. FLANAGAN, JUDGE OF SUPERIOR COURT